UNITED STATES of America, Plaintiff-Appellee,

v.

NYSCO LABORATORIES, INC., and Eugene J. Yoss, Defendants-Appellants.

No. 384, Docket 28171.

United States Court of Appeals Second Circuit.

Argued June 5, 1963.

Decided June 7, 1963.

Solomon H. Friend, of Bass & Friend, New York City, for defendants-appellants.

Martin R. Pollner, Asst. U. S. Atty., E. D. N. Y., Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., and Alvin L. Gottlieb and Joanne S. Sisk, Attys., Dept. of Health, Education, and Welfare, Washington, D. C., on the brief), for plaintiff-appellee.

Before LUMBARD, Chief Judge, CLARK, Circuit Judge, and ZAVATT, District Judge.

PER CURIAM.

The appellants attack an order of Judge Bruchhausen enjoining them, pursuant to § 302(a) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 332 (a), from shipping in interstate commerce a drug containing phenylpropanolamine hydrochloride. The labeling of the drug suggested that its ingredient is adequate and effective in weight reduction and appetite control. But these representations were found to be false and misleading under § 502(a) of the Act, 21 U.S.C. § 352(a), by Judge Meaney, D.C.N.J., in a seizure suit between the same parties in the case before us, which is the action for an injunction, United States v. 60 28-Capsule Bottles, more or less, etc., D.C.N.J., 211 F.Supp. 207. Judge Bruchhausen held that Judge Meaney's determination was *res judicata* on the "false and misleading" issue and granted the government's motion for an injunction.

We think Judge Bruchhausen was entitled to rely on Judge Meaney's findings, and we affirm his order. Since the district court's order expressly provides that the court shall retain jurisdiction "for the purpose of enforcing or modifying" its decree, the parties will be able to make any motions they deem fit in the light of the outcome of the appeal from Judge Meaney's decision taken to the Third Circuit Court of Appeals.

Affirmed.