**U.S. DEPARTMENT OF ENERGY**

v.

**GRATEX CORPORATION.**

Civ. A. No. CA–7–85–12.

United States District Court,
N.D. Texas,
Wichita Falls Division.

June 5, 1986.

Arthur Weissbrodt, Washington, D.C., for appellant.

David Hooper, Abilene, Tex., for defendant.

### ORDER

MARY LOU ROBINSON, District Judge.

Appellant, United States Department of Energy (DOE), appeals from a bankruptcy order granting appellee, Gratex Corporation's (the debtor) motion for summary judgment. DOE filed a claim with the bankruptcy court in excess of $6,000,000.00 for violations of the mandatory price regulations pursuant to its authority under the Emergency Petroleum Allocation Act, 15 U.S.C. § 751 *et seq.* Gratex, through its Trustee and the Committee of unsecured creditors, moved to subordinate DOE's claim to the claims of the unsecured credi-

tors arguing that it was a penalty as a matter of law pursuant to 11 U.S.C. § 726(a)(4). The Bankruptcy Court granted the motion, finding that DOE's claim was a penalty claim. The issue before the Court is whether DOE's claim for violation of federal petroleum pricing regulations should be relegated to the fourth priority of distribution under 11 U.S.C. § 726(a).

 When reviewing a bankruptcy court's order the district court is bound to accept the bankruptcy judge's factual findings unless they are clearly erroneous. *Matter of Bufkin Brothers, Inc.*, 757 F.2d 1573, 1577 (5th Cir.1985). However, the district court must independently review the legal conclusions of the bankruptcy judge. *In re Hammons*, 614 F.2d 399, 402–03 (5th Cir.1980).

On appeal, DOE argues that the case of *United States Department of Energy v. West Texas Marketing Corp.*, 763 F.2d 1411 (Temp.Emer.Ct.App.1985), a case decided after the bankruptcy court's order, controls. The Temporary Emergency Court of Appeals reversed the district court and bankruptcy court's determination that the DOE's claim for a violation of the mandatory price regulations were penalties rather than restitution. Finding that the claim was restitution and not a penalty, the Court held it did not have to be subordinated to the claims of the other unsecured creditors.

Gratex argues that the determination in *West Texas Marketing* is incorrect and further that the decision is not binding because the Temporary Emergency Court of Appeals did not have jurisdiction to decide the appeal in that case. It asserts that the bankruptcy court's determination that the claim was a penalty was not an adjudication of an Emergency Petroleum Allocation Act issue which is a prerequisite for jurisdiction in the Temporary Emergency Court of Appeals. Gratex relies on the dissenting opinion of Judge Sear on rehearing in *West Texas Marketing*. 763 F.2d 1427–31.

Gratex then argues that the Temporary Emergency Court of Appeal's holding that the DOE claim is restitution which should not be subordinated to the other claims is incorrect because it does not consider the definition of penalty as it relates to 11 U.S.C. § 726(a)(4). 11 U.S.C. § 726(a) sets forth the priorities for the distribution of a debtor's assets. The fourth priority is defined as

> [P]ayment of any allowed claim, whether secured or unsecured for any fine, penalty, or forfeiture, or for multiple or exemplary or punitive damages, ... to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim.

11 U.S.C. § 726(a)(4).

■ In *West Texas Marketing*, DOE's claim was based on a specific statutory violation set forth in the Emergency Petroleum Allocation Act. The statute provides for both restitution and penalties. DOE's claim was to recover overcharges made by the debtor, a restitution claim. Once the Temporary Emergency Court of Appeals determined that the claim was for restitution and was not a penalty [1], it did not need to consider whether the claim should be relegated to the fourth priority as a penalty because by definition it was not a fine, penalty or forfeiture.

■ The Court finds the holding in *West Texas Marketing* controls this case. The facts here are nearly identical to the facts there. DOE filed the same type of claim in both cases. DOE's claim is not a penalty and should not be subordinated to other claims. The order of the bankruptcy court is reversed and the cause remanded to the bankruptcy court for further proceedings consistent with this opinion.

It is so ORDERED.

---

1. The determination was made by examining the statute. *See United States v. Childs*, 266 U.S. 304, 309, 45 S.Ct. 110, 111, 69 L.Ed. 299 (1924). This Court is bound by TECA's interpretation of the statute because TECA has exclusive jurisdiction to decide questions concerning the Emergency Petroleum Allocation Act and the Economic Stabilization Act (the statutes underlying DOE's claim). Section 211(a) Economic Stabilization Act of 1970, set forth in the notes following 12 U.S.C. § 1904.