In the Matter of INDEPENDENT REFINING CORPORATION, Debtor.

Bankruptcy No. 82–01942–H3–5.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Oct. 2, 1986.

---

Porter & Clements, Joanne M. Vorpahl, Houston, Tex., for Independent Refining Corp.

Butler & Binion, James R. O'Donnell, Houston, Tex., for Creditors' Committee.

Arthur S. Weissbrodt, Joseph L. Gibson, Peter S. Burns, U.S. Dept. of Energy, Economic Regulatory Admin., Office of the Sol., Washington, D.C., Charles P. Neuffer, III, Atty. Advisor, U.S. Dept. of Energy, Economic Regulatory Admin., Houston, Tex., for Dept. of Energy.

EDWARD J. RYAN, Bankruptcy Judge.

On July 9, 1982, Independent Refining Corporation ("IRC"), voluntarily filed its petition for relief under Chapter 11 of the Bankruptcy Code.

On September 5, 1984, the Department of Energy ("DOE") filed a proof of claim in two parts derived from alleged violations of Mandatory Petroleum Price Regulations.

One part of the claim derives from a Reseller violation whereby IRC received illegal revenues in the principal amount of $13,332,453 plus an accrued interest of $6,608,845.22 through June 1982 by failing to conform to the provisions of 10 C.F.R. Part 212, Subpart L.

The other part of DOE's claim stems from an alleged Equal Application violation in the approximate amount of $8,791,214 plus an accrued interest of $5,068,838 through June, 1982, based upon violations of Subpart E of the above-mentioned regulations.

DOE has accepted, in principle, an offer by the debtor and the official Unsecured Creditors' Committee to resolve the controversy arising from the alleged Equal Application violation, subject to same being reduced to writing, the concurrence of the United States Department of Justice and the Court's approval.

The debtor, however, has stated that there may have been a mistake in communicating its offer to DOE. The parties are now attempting to settle that portion of the claim out of court.

Pending before this Court is the motion filed on May 19, 1986, and heard on July 11, 1986 for an Allowed Claim for the Reseller Violation in the amount of $19,941,-298.22. The motion is based on (1) the Decision and Order issued on March 7, 1986, by the Office of Hearings and Appeals ("OHA") holding the debtor and its subsidiary, Independent Trading Corporation, jointly and severally liable for the Reseller violation. *Independent Trading Corp. and Independent Refining Corp.*, 14 DOE ¶ 83,003 (1986) ("Remedial Order"); and (2) the holding of the Temporary Emergency Court of Appeals in *DOE v. West Texas Marketing*, 763 F.2d 1411 (TECA 1985), that DOE's claims in bankruptcy cases for violations of the Mandatory Petroleum Price Regulations are for restitution, not for penalties, and may not be subordinated to the claims of the other unsecured creditors.

The debtor argues in response to DOE's Motion that the Remedial Order is not entitled to *res judicata* effect because the debtor has appealed it to the Federal Energy Regulatory Commission ("FERC"). The debtor also attempts to attack the Remedial Order collaterally in this court, arguing that the decision is wrong on the merits or that OHA lacked authority to issue it. The debtor suggests that the court retry the exact same issues which the debtor litigated, which OHA decided and which the debtor has appealed to the FERC. In addition, the debtor contends that the Creditors' Committee is not bound by the Remedial Order. Finally, the debtor argues that the court must subordinate DOE's claim as a penalty and simply ignore the binding appellate precedent of the Temporary Emergency Court of Appeals in *West Texas Marketing*.

This Court finds that (1) OHA has authority to issue the Remedial Order holding the debtor liable for the regulatory violations; (2) under the applicable Supreme Court test, the Remedial Order is entitled to *res judicata* effect even though it has been appealed; (3) the law requires that any arguments that the debtor might have regarding the correctness of the OHA Decision or OHA's authority to issue it be made to the Federal Energy Regulatory Commission—to which the debtor has appealed the Remedial Order—and that the debtor may not collaterally attack the Remedial order in this Court; (4) the Creditors' Committee, which chose not to seek to intervene in the OHA proceeding, is bound by the Remedial Order; and (5) the holding in *West Texas Marketing* is controlling here on the restitution/penalty issue.

 Undoubtedly, Congress may assign adjudicatory authority over the litigation of public rights to an administrative agency. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In this instance such authority belongs to the Secretary of Energy and has been delegated to the Office of Hearings and Appeals, pursuant to Delegation Order 0204–24, as amended May 5, 1980. The vast majority of DOE's enforcement cases,

many of which raise corporate liability issues, are brought before and resolved by OHA.[1] Furthermore, IRC fully participated in the OHA proceeding knowing that OHA would decide the corporate liability issue. Clearly, OHA possessed the authority to issue the Remedial Order in question.

*Res judicata* requires that a valid, final judgment on the merits is an absolute bar to another action between the same parties as to any matter that was actually offered or that could have been offered to sustain or defeat the disputed claim. 1B *Moore's Federal Practice* ¶ 0.405[1] at 178 (1984). The doctrine applies equally to judicial and administrative decrees. *Restatement, Judgments* 2d § 83 at 266 (1982); 4 *Davis on Administrative Law* ¶ 21.1, f.f. (2 ed., 1983); *see also United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966) holding:

> When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose. (Citations omitted).

Furthermore, *res judicata* is not defeated by a pending appeal. As the court stated in *Levy v. Cohen:*

> The federal rule is that a judgment or order, once rendered, is final for purposes of *res judicata* until reversed on appeal or modified or set aside in the court of rendition. (*Stoll v. Gottlieb*, (1938) 305 U.S. 165, 170–171, 59 S.Ct. 134, [ ] 83 L.Ed. 104; *Martin v. Martin*, (1970) 2 Cal.3d 752, 761, 87 Cal.Reptr. 526, 470 P.2d 662.)

*Levy v. Cohen*, 19 Cal.3d 165, 137 Cal.Rptr. 162, 561 P.2d 252, 256 (Sup.Ct., Calif., In Bank, 1977); *see also, United States v.*

*Nysco Labs., Inc.*, 318 F.2d 817 (21d Cir. 1963); *Sherman v. Jacobson*, 247 F.Supp. 261, 268–71 (S.D.N.Y.1965).

Finally, IRC's argument that the Remedial Order is not entitled to *res judicata* effect because OHA is an arm of the Department of Energy, is unconvincing. IRC has failed to cite any authority for this argument or for that matter, even to allege any wrongdoing on behalf of OHA. OHA has specific authority to adjudicate cases and to issue Remedial orders pursuant to the DOEOA and a specific Delegation Order of the Secretary of Energy. DOE Delegation Order 0204–24; *Atlantic Richfield v. DOE*, 769 F.2d 771, 785 (D.C.Cir.1984). Any challenge to OHA's jurisdiction over the parties should be properly raised on appeal as discussed below. This court is certainly neither the forum intended nor best suited for resolving such matters.

Thus, IRC having taken full advantage of the opportunity to present its case in the administrative proceeding is barred from collaterally attacking OHA's decision and asking this Court to adjudicate the corporate liability issue a second time.

Notwithstanding the *res judicata* effect given here to the Remedial Order, IRC has a right of appeal. However, as limited by statute, any appeal of a Remedial Order must be filed with the Federal Energy Regulating Commission ("FERC"). DOEOA, Section 503(c), 42 U.S.C. § 7193(c). Further, FERC decisions may be appealed to the appropriate U.S. District Court. Thus, IRC's arguments as to the legal accuracy of the Remedial Order should be raised in the appellate channels indicated by statute.

Bankruptcy law is clear that where a trustee or debtor in possession litigates in another judicial or administrative forum the issues that underpin a bankruptcy

---

1. *See, e.g., Houston Oil and Refining, Inc./ERA,* 13 DOE ¶ 83,013 (1985) (joinder granted on "tortious misconduct" grounds); *Pel-Star Energy, Inc.,* 12 DOE ¶ 82,501 (1984) (joinder granted in part, denied in part on "piercing" grounds); *Economic Regulatory Administration [Holland],* 12 DOE ¶ 82,548 (1985) and *Economic Regulatory*

*Administration [United Independent Oil Co.],* 13 DOE ¶ 83,001 (1985) (F.R.C.P. Rule 20 applied to assess ERA joinder motion); *Office of Enforcement [Ancora-Citronelle Corp.],* 9 DOE ¶ 82,552 (1982) (F.R.C.P. Rules 19 and 20 applied to deny ERA joinder motion).

claim, the decision that results is binding on the trustee (or debtor) and all the creditors, and *res judicata* precludes them from relitigating the issue in bankruptcy court. *Heiser v. Woodruff,* 327 U.S. 726 at 730, 733–34, 66 S.Ct. 853 at 855, 856–57, 90 L.Ed. 970 (1946). Here, since the debtor actually litigated IRC's liability for violating the Reseller Regulations in the OHA proceeding, the Creditor's Committee is bound by the Remedial Order.

■ The Creditor's Committee apparently elected not to intervene because its interest was fully represented by the debtor. (The OHA procedures permit any "interested party" to seek to intervene. 109 C.F.R. § 205.194(b)). The debtor (Response at 3), citing *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), argues that DOE has a "burden to demonstrate that the rights or other creditors of IRC have been considered." That precedent does not place such an affirmative burden on the claimant: rather it preserves the right of another creditor to object to a claim on the extraordinary grounds that the claim is based on a collusive judgment between the bankrupt and an insider. The burden is on the objecting creditor to demonstrate that the judgment was collusive.[2]

■ Finally, DOE's claim for violation of the Mandatory Petroleum Price Regulations may not be subordinated to the claims of other unsecured creditors.[3] The Temporary Emergency Court of Appeals addressed this point in *West Texas Marketing* (at 1426), ruling "WTM's opinion as to the effectiveness of DOE in distributing funds collected to the actual parties who were overcharged cannot change the restitutionary nature of DOE's Claim."

The United States District Court for the Northern District in Texas recently issued its decision in *U.S. Department of Energy v. Gratex Corp.,* 66 B.R. 209 (N.D.Tex. 1986). The District Court in *Gratex* followed *West Texas Marketing* and held that DOE's claim for violation of the Mandatory Petroleum Price Regulations cannot be subordinated as a penalty since the claim is for restitution and not a penalty. *Id.* at 211.

In *Gratex,* the Court held:

In *West Texas Marketing,* DOE's claim was based on a specific statutory violation set forth in the Emergency Petroleum Allocation Act. The statute provides for both restitution and penalties. DOE's claim was to recover overcharges made by the debtor, a restitution claim. Once the Temporary Court of Appeals determined that the claim was for resti-

---

**2.** *Pepper v. Litton* is distinguishable on other grounds as well. The case involved collusion in a judgment and a fraud on creditors by an insider. The Court allowed a creditor to attack the judgment *because the issue as to the collusive nature of the judgment had not been litigated in another forum.* 308 U.S. 302–03, 60 S.Ct. 243. Here, there is no allegation of a collusive judgment or that DOE is an insider, and the issue as to IRC's liability for violating the Reseller Regulations was litigated before OHA.

In *Heiser v. Woodruff, supra,* a creditor had obtained a judgment and the trustee had attacked the validity of that judgment on the ground of fraud in a *second* court action. The Supreme Court affirmed the bankruptcy court's refusal to allow the trustee to relitigate the validity of the initial judgment as it had already been litigated in the second court case outside of bankruptcy. In discussing *Pepper v. Litton,* the Supreme Court stated:

Neither *Pepper v. Litton, supra,* on which respondents chiefly rely, nor the other cases which they cite, sustain the contention that

the bankruptcy court, in passing on the validity of creditors' claims, may disregard the principles of *res judicata. . . .* It was thus made plain that the theory relied upon as requiring disallowance or subordination of the contested claim rested upon grounds not previously adjudicated, and we explicitly noted that the state court did not adjudicate it. [*Pepper v. Litton,* 308 U.S. 302–03, 60 S.Ct. 243, 84 L.Ed. 281.]

**3.** Section 726 of the Bankruptcy Code governs distribution of property of the estate in a Chapter 7 or Chapter 11 liquidation. Section 1129(a)(7)(A)(ii) applies the same distributive scheme in all Chapter 11 cases, whether liquidations or reorganizations. IRC's plan, although one under Chapter 11, is a liquidating plan, and thus both §§ 726 and 1129 apply to it. Section 726(a)(4) mandates the subordination of any penalty claim "to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim."

tution and was not a penalty, it did not need to consider whether the claim should be relegated to the fourth priority as a penalty because by definition it was not a fine, penalty or forfeiture.

The Court finds the holding in *West Texas Marketing* controls this case. 66 B.R. at 211.

The *Gratex* Court further held that TECA has exclusive appellate jurisdiction to decide the question of whether DOE's claims in bankruptcy cases for violations of the Mandatory Petroleum Price Regulations are for restitution or for penalties. Order, p. 3 n. 1.

The *Gratex* District Court is the one that will review *In re Compton Corp.*, 40 B.R. 880 (Bkrtcy.N.D. Texas 1984), a decision on which debtor relies. Moreover, *Gratex* involved the *same exact claim* as DOE's claim against Compton's estate, and since the *Compton* case is on appeal to the same district court, it appears certain that the *Compton* decision will be reversed on appeal.

The Motion to Allow the Reseller Violation of the Department of Energy's Claim as an unsecured claim is granted.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED, that the first part of DOE's Proof of Claim, asserting the debtor's violation of the Reseller Regulations, is allowed in the amount of $19,941,298.22 as an unsecured claim in Class IV-C of the Plan of Reorganization confirmed by the Court on November 14, 1984. DOE's Claim is to be treated on par with, and not subordinated to, the claims of any other creditors in Class IV-C herein.

It is so ordered.

Let judgment enter accordingly.