**Joseph PETRELLA, Plaintiff–Appellant,**

**v.**

**Rita SIEGEL, as President of Community School Board, District 28 of the Board of Education of the City of New York and Community School Board, District 28 of the Board of Education of the City of New York, Defendants–Appellees.**

**No. 484, Docket 87–7649.**

United States Court of Appeals, Second Circuit.

Argued Dec. 10, 1987.

Decided March 28, 1988.

Joel Field, New York City, for plaintiff-appellant.

Ellen B. Fishman, Asst. Corp. Counsel, New York City (Peter L. Zimroth, Corp. Counsel, Steven J. McGrath, Asst. Corp. Counsel, of counsel), for defendants-appellees.

88

Before OAKES, PIERCE, and
PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

We are faced on this appeal with a relatively straightforward due process claim made complicated by the unusual context surrounding the alleged deprivation of property without due process. Joseph Petrella's claim that he was terminated without due process from his position as superintendent of Community School District 28 ("the district") in Forest Hills, New York, was dismissed because, in the district court's view, the school board's defense—that Petrella was not dismissed, but had resigned—made the issue one of state contract law rather than of federal due process. We disagree and reverse.

BACKGROUND

Joseph Petrella became the superintendent of the district on February 1, 1985, under a contract that expired on June 30, 1987. Early in 1987, Petrella and the board entered into an extension contract, under which his employment was extended for three years through June 30, 1990.

Shortly thereafter, Petrella and the board became locked in a dispute, ostensibly centering on Petrella's having tried to create a position of "director of curriculum", an action rejected by the board. The board claims that Petrella tendered his resignation, apparently orally, on May 4, 1987, because he believed the board no longer shared his "vision" of how the district should be operated. The board sought to accept the "resignation" on May 7th, by a letter sent to Petrella by board president Rita Siegel.

Petrella responded by informing Siegel that he intended to honor the extension contract, and that "[y]our letter is completely in error" in assuming that Petrella had resigned.

The board then scheduled a special meeting for May 21, at which it would consider a resolution "that the employment of Joseph Petrella * * * is terminated as of June 30, 1987". Petrella brought this suit on May 20, and sought an injunction preventing the board from taking any action to terminate his employment. He requested a temporary restraining order to block the May 21st board meeting.

Judge McLaughlin denied the TRO, but by order to show cause directed the defendants to justify their termination of Petrella at the meeting "if such termination takes place". The next night, the board adopted a resolution accepting Petrella's purported resignation and thereby terminated his employment as of June 30.

Petrella then moved for an injunction preventing his termination, and the board cross-moved to dismiss the complaint under Fed.R.Civ.P. 12(b). The court denied Petrella's motion on the ground that he had not shown the necessary irreparable harm, but reserved decision on the defendants' cross-motion for dismissal.

On July 9, 1987, the district court granted the cross-motion and dismissed Petrella's complaint. It reasoned that on no version of the facts would Petrella have been entitled to a due process, pre-termination hearing. If the board was correct that Petrella had resigned, then the board was within its rights to accept his resignation, and no hearing was required. If Petrella had not resigned, then the appropriate relief would be reinstatement and damages for breach of the extension contract, rather than a hearing, since the board conceded that absent a resignation the termination was wrongful. The court therefore characterized the claim as a simple state law contract dispute revolving around the single issue of whether Petrella's conduct constituted a resignation. Since the state-law issue would control the ultimate outcome and indeed was the only real point of dispute, the district court concluded that no federal claim for relief was presented. Petrella appeals.

With his federal action dismissed and with time running out on his possible state-court remedies, Petrella brought an Article 78 proceeding in the Queens County Supreme Court, and that proceeding was pending at the time of argument of this appeal.

After oral argument, we were informed that Petrella's Article 78 petition was granted and that he had been ordered reinstated as superintendent with back pay. The state court held that as a "public officer", Petrella could resign only in writing under Public Officers Law § 31. Since his "resignation" was not in writing, there had been no resignation as a matter of law, and the board could not terminate Petrella without adhering to the removal procedures contained in his contract. The city represents that it intends to appeal that decision. We discuss the impact of the state court's determination below.

## DISCUSSION

Much of what is normally the subject of civil rights employment disputes based on due process claims is here agreed to by the parties. There is no claim of any misconduct by Petrella; nor is there a claim that the board's actions satisfied the due process that would have to accompany any deprivation of Petrella's property rights under the extension contract. In short, the board concedes that if Petrella did not resign, then he was wrongfully terminated in violation of his contract. The board argues, and the district court agreed, that this circumstance renders the case solely one of state contract law, and that it therefore raised no federal due process implications. This position is without merit.

It is well settled that when a governmental employee has tenure or a contract right to continued employment, that right constitutes "property" that is protected by the fourteenth amendment's due process clause. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 576–77, 92 S.Ct. 2701, 2708–09, 33 L.Ed.2d 548 (1972). Regardless of possible state law remedies, interference with such a right without due process protections is a violation of the fourteenth amendment subject to redress under 42 U.S.C. § 1983.

The district court decided that no due process issue was presented by analyzing the case in terms of the relief to which Petrella would be entitled if, as he alleges, he did not resign. Judge McLaughlin said,

"If plaintiff has not resigned * * * defendants' rescission is wrongful; then plaintiff's remedy is specific performance and damages. * * * [W]hichever way the fact issue [is resolved], no hearing is required because no removal from office is involved."

■ This analysis approaches the issue from the wrong direction. Whether plaintiff suffered a constitutional deprivation is not determined by whether a hearing would be appropriate relief; reinstatement with back pay is often appropriate relief where the property deprived was a right to continued employment. *See, e.g., Loudermill v. Cleveland Board of Education*, 721 F.2d 550, 553 (6th Cir.1983) (remedy sought for deprivation of property right to continued employment was reinstatement with back pay), *aff'd*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Although that relief may be available in state-court review proceedings, it is also available under § 1983, along with additional remedies such as compensatory damages, possible punitive damages, *Carlson v. Green*, 446 U.S. 14, 22, 100 S.Ct. 1468, 1473, 64 L.Ed.2d 15 (1980); *but see City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), and a reasonable attorney's fee, 42 U.S.C. § 1988.

■ Here, Petrella alleges that he did not resign, and that the board manufactured his "resignation" in order to avoid holding a hearing before terminating his employment. If true—and of course it must be taken as true for purposes of ruling on defendants' motion to dismiss—it would entitle Petrella to reinstatement, the same relief that would be called for if, for example, the board had sought to terminate him for misconduct without a hearing. The fact that the failure to hold a hearing is essential to a due process claim does not mean that a hearing must always be the appropriate relief in a due process case; and the fact that a hearing is not necessarily the appropriate relief does not mean that the claim is not a due process claim.

It is true that, as a practical matter, there is only one issue in dispute here:

whether Petrella in fact tendered his resignation. It is also true that that issue is largely one of state contract law. But since the property right involved in most due process deprivation cases is a creation of state law, it is hardly novel to have such a case turn on determinations of state law. The mere fact that the board admits that absent a valid resignation Petrella was wrongfully terminated does not mean, as the district court implied, that there was no termination here. To the contrary, there was a termination; and if Petrella did not resign, it was also a wrongful termination, both as a matter of state contract law and, because no hearing was held, as a matter of due process.

It may be that any confusion in this case arose from the understandable notion that an employer should not have to hold a hearing in order to accept a resignation. Ordinarily, of course, that is true. Ordinarily, however, an employee does not contest the allegation that he resigned, as Petrella did here when he received Siegel's letter of May 7th.

Indeed, the New York Supreme Court has now determined that Petrella did not resign, and has ordered the board to reinstate him. *Petrella v. Siegel*, No. 12678/87 (Sup.Ct. Queens Cty. December 11, 1987). The fact that the Article 78 remedy was available to Petrella does not, of course, automatically foreclose a due process claim under § 1983 arising from the same series of events. *See Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir.1986) (where relief obtainable in civil rights claim is not available in Article 78 proceeding, latter will not bar a subsequent federal action). Here, Petrella would be entitled not only to the reinstatement provided him in state court, but also to damages, if only nominal, for at least the denial of due process which would almost certainly not be available under Article 78. *See id.* (damages for civil rights violations are not included among the damages that can be awarded in Article 78 proceedings).

■ Of course, the determination of the state supreme court that under New York law Petrella did not resign is entitled to *res judicata* effect, even though the city may be appealing that determination. *See Hu-*

*ron Holding Co. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189, 61 S.Ct. 513, 515–16, 85 L.Ed. 725 (1941); *cf. United States v. NYSCO Laboratories, Inc.*, 318 F.2d 817, 818 (2d Cir.1963). The district court may retain jurisdiction following proceedings below in order to act on any motion arising from a reversal of the supreme court's judgment by the appellate division, *see NYSCO Laboratories*, 318 F.2d at 818; *Southern Pacific Communications Co. v. American Tel. & Tel. Co.*, 740 F.2d 1011, 1018–19 (D.C. Cir.1984), *cert. denied*, 470 U.S. 1005, 105 S.Ct. 1359, 84 L.Ed.2d 380 (1985), but proceedings in the meantime should go forward, with preclusive effect given to the state court's determination of the resignation issue. Thus, since the defendants concede that without a valid resignation the board could not terminate Petrella's employment without a hearing, the trial on remand should be limited to damages emanating from the due process violation.

The judgment of the district court is reversed and the case is remanded to the district court.