923 F.2d 854
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gwain HUMPHREYS and Wife, Ida Humphreys, Plaintiffs-Appellants,
v.
BIC CORPORATION and K-Mart Corporation, Defendants-Appellees.
 No. 90-5529.
 United States Court of Appeals, Sixth Circuit.
 Jan. 18, 1991.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and GRAHAM, District Judge.*
 PER CURIAM.
 
 
 1
 Gwain and Ida Humphreys (the Humphreyses) appeal an order granting summary judgment to BIC Corporation and K-Mart Corporation (defendants). This products liability action was originally filed in state court in Tennessee, but later removed to the United States District Court for the Eastern District of Tennessee. For convenience, we shall refer to it as the federal action. The Humphreyses complain that an allegedly defective cigarette lighter manufactured by BIC and sold by K-Mart caused a fire resulting in damage to their home and severe injuries to Gwain Humphreys.
 
 
 2
 Soon after this action was filed in state court, the Humphreyses brought another suit, also arising from the fire, in state court. The second litigation was against their insurer, the Independent Fire Insurance Company, and sought to recover for damage done to their home. For convenience, we shall call this suit the state court action. The insurance company defended, alleging arson, and counter-claimed for sums advanced to the plaintiffs immediately after the fire to cover their living expenses and other immediate needs. The state court severed the Humphreyses' claim from the insurance company's counter-claim and ordered the former tried first. The jury returned a general verdict in favor of the insurance company.
 
 
 3
 After the verdict, but before any action had been taken on the insurance company's counter-claim, the defendants in the federal action, BIC and K-Mart, amended their answer to plead the Humphreyses' arson as a defense. They then moved for summary judgment, arguing that the general verdict returned in the state court action estopped the Humphreyses from relitigating the issue of the cause of the fire in federal court. The district judge agreed, and finding that the resolution of this issue against the Humphreyses left no issue of material fact in dispute, granted the defendants' motion for summary judgment.
 
 
 4
 On appeal to this court, the Humphreyses argue that under Tennessee law, the general verdict reached in the state court proceedings was not final and did not necessarily decide the issue of the cause of the fire. Hence they maintain that the federal court erred in applying the state court verdict to resolve this question. For reasons given below, we affirm the trial court conditionally.
 
 
 5
 * The principal issue in this case is whether the trial court erred in permitting BIC's and K-Mart's defensive use of collateral estoppel. The parties do not dispute that Tennessee law, which is the controlling law in this case, recognizes nonmutual defensive collateral estoppel. This rule of law precludes a plaintiff from contesting anew an issue fully litigated and necessarily decided against that plaintiff in a prior proceeding, even if the prior litigation was against a different defendant. See Shelly v. Gipson, 218 Tenn. 1, 12, 400 S.W.2d 709, 714 (1966). The purposes of collateral estoppel are to relieve parties of the cost and vexation of multiple lawsuits, to conserve judicial resources, and, by preventing inconsistent decisions, to encourage reliance on adjudication. Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 415 (1980). There are four specific requirements before collateral estoppel may be applied to bar litigation of an issue: 1) the precise issue must have been raised and actually litigated in the prior proceedings; 2) the determination of the issue must have been necessary to the outcome of the prior proceedings; 3) the prior proceedings must have resulted in a final judgment on the merits; and 4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n, 821 F.2d 328, 330 (6th Cir.1987).
 
 
 6
 Relying on Hammons v. Walker Hauling Co., Inc., 196 Tenn. 26, 33-34, 263 S.W.2d 753, 756 (1953), the Humphreyses maintain that under Tennessee law collateral estoppel is not applicable against a party where a general verdict is entered by the trial court or jury. Hammons was a negligence action in which the defendant generally denied negligence and raised the contributory negligence of the plaintiff as an affirmative defense. The jury returned a general verdict against the plaintiff, which, of course, did not specify which of the alternate defenses the jury had accepted. In the circumstances of Hammons, neither the issue of the defendant's negligence nor that of the plaintiff's contributory negligence was necessarily decided against the plaintiff by the general verdict. The defense rested on alternate grounds, either one of which the jury could have accepted. Hence, denying collateral estoppel effect to the general verdict was proper.
 
 
 7
 We reject the Humphreyses' recourse to Hammons. We do not understand that case to have formulated an independent rule of law. Its holding was derived from the more general proposition that an issue must be necessarily decided in a prior litigation before a party is precluded from relitigating it in a subsequent action. In this case, the trial court's application of collateral estoppel did not rest on a general verdict that the jury could have reached on alternative grounds, as in Hammons. Instead, the trial court, guided by Spilman v. Harley, 658 F.2d 224, 228 (6th Cir.1981), thoroughly scrutinized the evidence and proceedings of the state court action and determined that the only issue before the jury was whether arson had caused the fire. In Spilman, as in this case, the issue was whether to give preclusive effect to the resolution of an issue by prior litigation in a state court. In Spilman, this court instructed the court below to "look at the entire record of the state proceeding, not just the judgment [to] determine if the issue was actually litigated and ... necessary to the decision in the state court." Ibid.
 
 
 8
 The Humphreyses do not argue against the trial court's reliance on Spilman. They merely argue that Hammons forbids ever giving preclusive effect to a general verdict. As outlined above, we hold that Hammons is distinguishable, and that the trial court did not err in permitting the use of collateral estoppel.
 
 II
 
 9
 The Humphreyses also argue that the general verdict entered against them in the state court proceedings was not final, as required by the doctrine of collateral estoppel. They rely on Tenn.R.Civ.P. 54.02, the Tennessee analogue to Fed.R.Civ.P. 54(b), which reads, in pertinent part, that:
 
 
 10
 When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no reason for delay and upon an express direction for entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
 
 
 11
 Consistent with Rule 54.02, Tennessee's appellate court rules provide, again in pertinent part, that:
 
 
 12
 Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a final judgment adjudicating all the claims, rights, and liabilities of the parties.
 
 Tenn.R.App.P. 3(a)
 
 13
 The Humphreyses correctly point out that at the time the district court gave collateral estoppel effect to the general verdict on their claim, the insurance company's counter-claim was still pending. None of the steps required by Rule 54.02 had been taken to finalize the general verdict. Hence, the Humphreyses argue, the general verdict may not be treated as a final judgment for collateral estoppel purposes, since the resulting judgment was not final or appealable. See Fox v. Fox, 657 S.W.2d 747, 749 (Tenn.1983) (order disposing of some, but not all, of multiple claims is not final until formalities of Rule 54.02 have been met).
 
 
 14
 The defendants respond that Tennessee courts have been receptive to the view that there is a distinction between the finality of judgments for purposes of appeal and finality for purposes of collateral estoppel. They cite Christian & Sons Co., Inc. v. Nashville P.S. Hotel, Ltd., 765 S.W.2d 754, 756 (Tenn.App.1988), wherein the court said:
 
 
 15
 Although the principles governing the meaning of "final judgment" for purposes of appeal may differ from those relevant for purposes of collateral estoppel, the Rules of Appellate Procedure should provide some guidance.
 
 
 16
 Despite its acceptance of this distinction, the Christian & Sons court concedes that "[t]he cases do not provide much guidance ... on the issue of what constitutes a final judgment for purposes of collateral estoppel." Ibid. Christian & Sons direct us to the rules of appellate procedure as the starting point for the relevant inquiry, but these rules, as the Humphreyses' reliance on Rule 54.02 demonstrates, are more favorable to the position that a judgment such as the one at issue here should not be considered final.
 
 
 17
 Neither party offers us any Tennessee case directly addressing the question of whether a judgment not final for purposes of appeal under Rule 54.02 may nonetheless be final for purposes of collateral estoppel. In the absence of controlling authority under state law, we follow the practice of the Tennessee courts and turn for guidance to the Federal Rules of Civil Procedure and the cases interpreting them. See, e.g., Continental Casualty Co. v. Smith, 720 S.W.2d 48, 49 (Tenn.1986); Bowman v. Henard, 547 S.W.2d 527, 530 (Tenn.1977); Marlowe v. First State Bank of Jacksboro, 52 Tenn.App. 99, 105, 371 S.W.2d 826, 828-29 (Tenn.Civ.App.1962). In the federal system, collateral estoppel principles are based on a final judgment, so that a Rule 54(b) order is viewed as final for collateral estoppel purposes. 10 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D Sec. 2661 at 128 (West 1983) (citing cases). On the other hand, if no certificate is issued, the court's decision or order remains interlocutory and the partial judgment will have no preclusive effect. Ibid. The defendants offer us no reason for departing from this rule. Hence, we must hold that the trial court was premature in giving preclusive effect to the state court's general verdict.
 
 V
 
 18
 We now come to the question of the relief to be afforded the Humphreyses, who have prevailed before us on the merits, even if only on a technicality. Normally we would reverse and remand. However, by the time the Humphreyses' appeal reached us, the state court also had entered summary judgment against the Humphreyses on the counter-claim of the insurance company. The state court action is thus now final for purposes of appeal. Indeed, we were informed at oral argument that the case is now on appeal. The established rule in the federal courts is that a final judgment retains all of its res judicata consequences, including its issue-preclusive effect, pending decision of the appeal. 18 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION Sec. 4433 at 308 (West 1981).
 
 
 19
 We recognize that establishing this rule could lead to a problem. A judgment in a second action that rests on the preclusive effects of a judgment in a prior action should not be allowed to stand if the first judgment is reversed. Id. Sec. 4433 at 311. In fashioning relief in this case, we must take into consideration the possibility, however remote, that the judgment reached in the state court litigation might be disturbed. There is another aspect to this problem which forces us to choose between the horns of a dilemma. If the judgment of the first action is not given collateral estoppel effect in the second, the results in the two cases may be inconsistent.
 
 
 20
 The Second Circuit faced the same problem in United States v. Nysco Labs, Inc., 318 F.2d 817, 818 (2d Cir.1963). In that case, the court approved a judgment enjoining interstate shipment of a drug on the basis of the res judicata affects of a prior action to seize the drug, but retained jurisdiction so that the parties could move for relief if the seizure judgment should be reversed on appeal. We faced it in United States v. Sandoz Pharmaceutical Corp., 894 F.2d 825, 826 (6th Cir.), cert. denied, 111 S.Ct. 45 (1990), where a permanent injunction was based on the collateral estoppel effect of prior litigation, but the injunction was stayed pending the appeal of the prior judgment. We think these cases indicate an appropriate disposition of the problem. We affirm the judgment of the district court, but remand the case to the district court with instructions to retain jurisdiction of the action until the time for appealing the judgment of the state court has passed or until the appeal, if any, is decided. Should the judgment on the general verdict be reversed, the Humphreyses should be allowed to reinstate the case on the docket without payment of fees and without any impediment based on the statute of limitations.
 
 
 21
 AFFIRMED.