**Raheem BOOMER, Plaintiff,**

v.

**Kenneth R. BRUNO; Jeffrey E. Hines; John R. Lovell; Vonnie Vardine; and Samuel Mercado, Defendants.**

**No. 00–CV–0561 (LEK)(DRH).**

United States District Court, N.D. New York.

Feb. 27, 2001.

Steven A. Hershkowitz, Office of Steven A. Hershkowitz, New York City, for Plaintiff.

John W. Bailey, Ainsworth, Sullivan Law Firm, Gerald W. Connolly, New York State Attorney General, for Defendants.

## MEMORANDUM—DECISION & ORDER

KAHN, District Judge.

Presently before the Court is a motion to dismiss brought by defendants Hines, Vardine, and Mercado ("Defendants"). For the reasons stated herein, Defendants' motion is granted.

## I. BACKGROUND

On or about December 20, 1996, defendants Vardine and Mercado were allegedly involved in an undercover operation conducted by members of the New York State Police ("NYSP") wherein they posed as drug purchasers and bought drugs from an unidentified suspect. According to the alleged standard procedure of the operation, the suspect was not arrested at the time of sale. Despite numerous attempts to return to the scene and complete the arrest, Defendants allegedly never saw the suspect again.

Plaintiff alleges that defendants Mercado and Vardine then sent the Troy City Police Department ("TPD") a still photograph from a video tape taken from the officer's vehicle on the night in question. Plaintiff alleges that a TPD officer identified Plaintiff as the individual in the picture. Defendants Mercado and Vardine were then allegedly informed of the officer's identification by other employees of the TPD.

Plaintiff alleges that defendant Mercado, without any further attempt to confirm the suspect's identity, testified to a Rensselaer County Grand Jury that Plaintiff had sold drugs to him on the night of the operation. Moreover, Plaintiff alleges that, before testifying, defendant Mercado had been made aware of the possible existence of a photograph of Plaintiff on file which could be used either to confirm that Plaintiff was the suspect or to exonerate him.

On the basis of defendant Mercado's testimony, an indictment was voted against Plaintiff and a warrant was issued for his arrest. Pursuant to the warrant, Plaintiff was arrested on or about February 5, 1997. Plaintiff alleges that defendants Mercado and Vardine, despite being put on notice of the fact that he had been taken into custody, still did not make any effort to confirm that he was the suspect. On February 6, 1996, Plaintiff was arraigned in Rensellaer County Court and bail was set. Because Plaintiff was allegedly unable to post bail, he was forced to remain in jail until March 24, 1997.

Plaintiff alleges that, at a hearing on or about March 24, 1997, the County Court judge, during an inquiry into the strength of the government's proof, made a comparison between the still photograph and Plaintiff and determined that it was obvious that the "wrong person" was in custody. At the same hearing, Plaintiff alleges that defendant Mercado, having finally viewed Plaintiff, informed defendant Lovell, the prosecuting district attorney, that Plaintiff was not the suspect who had sold him drugs on the night in question.

Following the hearing, Plaintiff alleges that he was subject to further prosecution until April 14, 1997, when, upon application

of the Office of the Rensselaer County District Attorney, the case was ordered dismissed by the County Court.

■ On June 12, 1998, Plaintiff filed an action in the New York State Court of Claims alleging malicious prosecution.[1] Following a trial, Plaintiff's claims were dismissed by the court on May 31, 2000. Plaintiff filed the present action on April 12, 2000, seeking damages for "deprivations of his constitutional rights as secured by 42 U.S.C. § 1981, 1983, and 1985, and by the Fourth Amendment, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution." Defendants Hines, Vardine, and Mercado move to dismiss Plaintiff's claims against them on the following grounds: (1) the claims are barred by the doctrines of collateral estoppel and res judicata; (2) Plaintiff's complaint fails to state a cause of action against defendant Hines; (3) the claims against Defendants in their official capacities are barred by the Eleventh Amendment;[2] (4) the complaint fails to state a cause of action under the equal protection or due process clauses; and (5) the claims are barred by the statute of limitations.[3]

## II. ANALYSIS

### A. Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for "failure to state a claim upon which relief can be granted," must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In assessing the sufficiency of a pleading, "all factual allegations in the complaint must be taken as true," *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991), and all reasonable inferences must be construed in favor of the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1099 (2d Cir.1988) (applying the principle of construing inferences in favor of plaintiff).

> [C]onsideration is limited to the factual allegations in [the] complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.

*Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir.1993).

The Rules do not require the plaintiff to set out in detail the facts upon which the claim is based, but only that a defendant

---

1. Plaintiff's state court claim originally referred to constitutional tort, wrongful imprisonment, malicious prosecution and negligent retention, training, and supervision claims. However, he limited his theory of recovery after trial to malicious prosecution and his remaining claims were deemed abandoned.

2. States' Eleventh Amendment immunity "extends to state agencies and to state officers who act on behalf of the state." *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999). Accordingly, actions against state officials acting in their official capacity are generally barred by the Eleventh Amendment. *See id.* Plain-

tiff does not offer any opposition to Defendants' argument on this point. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's claims against defendants Hines, Vardine, and Mercado in their official capacities.

3. Because the Court dismisses Plaintiff's claims against defendants Hines, Vardine, and Mercado on the grounds raised in Defendants' other arguments, it does not address Defendants' contention that Plaintiff's claims are barred by the statute of limitations.

be given "fair notice of what the ... claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99. Individual allegations, however, that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987) (applying this standard to a complaint relying on civil rights statutes).

## B. Collateral Estoppel

■ Federal courts must give State court judgments "the same preclusive effect as would be given to the judgment under the law of the State in which the judgment was rendered." *Johnson v. Watkins*, 101 F.3d 792, 794 (2d Cir.1996) (citing *Giakoumelos v. Coughlin*, 88 F.3d 56, 59 (2d Cir.1996)); *see also Allen v. McCurry*, 449 U.S. 90, 103–04, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (same rule applies to actions brought under Section 1983); *Leather v. Ten Eyck*, 180 F.3d 420, 424 (2d Cir.1999) (same). Therefore, the Court must look to New York law in order to determine what preclusive effect should be given to the finding of the Court of Claims.

■ "Under New York law, the doctrine of collateral estoppel, or issue preclusion, 'bars a party from relitigating in a subsequent proceeding an issue clearly raised in a prior proceeding and decided against that party where the party to be precluded had a full and fair opportunity to contest the prior determination.'" *Johnson*, 101 F.3d at 794 (quoting *Weiss v. Manfredi*, 83 N.Y.2d 974, 616 N.Y.S.2d 325, 639 N.E.2d 1122, 1123 (1994)). There are two requirements under New York law for collateral estoppel to apply: (1) there must be an identity of issue which has been necessarily decided in the prior ac-

tion and is decisive of the present one and (2) there must have been a full and fair opportunity to litigate the preclusive decision. *See Johnson*, 101 F.3d at 794–95 (citing *Schwartz v. Public Adm'r*, 24 N.Y.2d 65, 298 N.Y.S.2d 955, 246 N.E.2d 725, 729 (1994)).

■ Collateral estoppel "promotes important goals: it allows a party only one opportunity to litigate an issue thereby conserving the time and resources of the parties and the court; promotes the finality of judgments; preserves the integrity of the judicial system by eliminating inconsistent results; and ensures that a party not be able to relitigate issues already decided against it in prior litigation." *Johnson*, 101 F.3d at 795. Moreover, in actions brought pursuant to § 1983, it "serves the important purpose of promoting comity between State and federal courts." *Id.* (citing *Allen*, 449 U.S. at 95–96, 101 S.Ct. 411).

### 1. Malicious Prosecution

■ The elements of a malicious prosecution claim are the same when brought pursuant to § 1983 and when brought under state law. *See Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir.1994) ("Though section 1983 provides the federal claim, we borrow the elements of the underlying malicious prosecution tort from state law."); *Posr v. Doherty*, 944 F.2d 91, 100 (2d Cir.1991); *Raysor v. Port Authority of N.Y. and N.J.*, 768 F.2d 34, 39 (2d Cir.1985). A plaintiff alleging malicious prosecution must show: (1) that the defendant either commenced or continued a criminal proceeding against him; (2) that the proceeding terminated in his favor; (3) that probable cause did not exist for the proceeding; and (4) that the proceeding was instituted with actual malice. *See Cook*, 41 F.3d at 79; *Posr*, 944 F.2d at 100; *Martin v. City of Albany*, 42

N.Y.2d 13, 396 N.Y.S.2d 612, 364 N.E.2d 1304, 1306–07 (1977).

■ Under New York law, "the fact that a grand jury indicts a person of a crime creates a presumption of probable cause for the purpose of defending against a malicious prosecution claim." *Green v. Montgomery,* 219 F.3d 52, 60 (2d Cir.2000) (citing *Marshall v. Sullivan,* 105 F.3d 47, 54 (2d Cir.1996)). This presumption "has been consistently applied in § 1983 litigation." *Green v. Montgomery,* 43 F.Supp.2d 239, 245 (E.D.N.Y.1999) (citing cases); *see also Green,* 219 F.3d at 60 (citing *Bernard v. United States,* 25 F.3d 98, 104–05 (2d Cir.1994)).

■ In order to rebut this presumption, the plaintiff must show that the indictment was produced by "fraud, perjury, the suppression of evidence, or other police conduct undertaken under bad faith." *Green,* 219 F.3d at 60. It is not enough for the plaintiff to show that the police "could have done more or could have disclosed more." *Gisondi v. Town of Harrison,* 72 N.Y.2d 280, 532 N.Y.S.2d 234, 528 N.E.2d 157, 160 (1988); *see also Simmons v. Chemung County Dep't of Soc. Servs.,* 770 F.Supp. 795, 801 (W.D.N.Y. 1991). Instead, the plaintiff must prove that the police conduct "deviated egregiously from statutory requirements or accepted practices applicable in criminal cases." *Gisondi,* 532 N.Y.S.2d 234, 528 N.E.2d at 160; *see also Simmons,* 770 F.Supp. at 801.

2. *Application of Collateral Estoppel*

■ The Court of Claims was presented by Plaintiff with the same malicious prosecution claim that Plaintiff brings before this Court. The Court of Claims followed the above analysis and found, following a trial, that Plaintiff failed to prove the necessary misconduct on the part of defendants to overcome the presumption of probable cause arising from the grand jury indictment.

Plaintiff argues that the Court of Claims' decision cannot be used as collateral estoppel in this case because there is no identity of issue. Specifically, Plaintiff argues that, pursuant to state law, the state court limited its determination to the existence of probable cause to initiate or commence the proceeding and did not address the existence of probable cause to continue the prosecution following the indictment.

■ Plaintiff argues that § 1983 doctrine is more expansive than state malicious prosecution law on this point. However, as discussed above, the Second Circuit has adopted the New York presumption for purposes of § 1983 malicious prosecution claims. *See Green,* 219 F.3d at 60. Accordingly, for both § 1983 and state claims of malicious prosecution, when a grand jury indicts a person of a crime, a presumption of probable cause for the prosecution is created which can only be "overcome ... 'by evidence that the *indictment* was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith.'" *Id.* (quoting *Marshall,* 105 F.3d at 50) (emphasis added).

■ Plaintiff is therefore seeking to address the same issue raised in his prior litigation and decided against him.[4]

---

4. Plaintiff argues that, because his state court claim is currently on appeal, the Court should hold those portions of this action that are subject to estoppel in abeyance pending a determination of the appeal. The pendency of an appeal does not prevent the application of collateral estoppel in a subsequent case. *See Chariot Plastics, Inc.,* 28 F.Supp.2d 874, 881 (S.D.N.Y.1998) (citing *Petrella v. Siegel,* 843 F.2d 87, 90 (2d Cir.1988)). The Court notes that it will vacate this Order should the

Accordingly, his claims are barred by collateral estoppel and the Court grants Defendants' motion to dismiss Plaintiff's malicious prosecution claims against defendants Vardine and Mercado.[5]

## C. Equal Protection

In order to establish a claim under § 1981, a plaintiff must allege the following: (1) membership in a racial minority; (2) an intent by the defendant to discriminate on the basis of race; and (3) discrimination concerning at least one of the activities enumerated in the statute. *See Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1087 (2d Cir.1993). Among the protections enumerated in § 1981 is the "equal benefit of all laws and proceedings for the security of persons." 42 U.S.C. § 1981(a).

However, naked assertions of racial motivation will not suffice to state a cause of action. *See Yusuf v, Vassar College*, 35 F.3d 709, 713 (2d Cir.1994). Complaints must "specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." *Id.* Specifically, the Second Circuit has held that complaints must "allege that similarly situated persons have been treated differently." *Gagliardi v. Village of Pawling*, 18 F.3d 188, 193 (2d Cir.1994).

In this case, Plaintiff complaint alleges that the proper identification procedures were not followed "because both the suspect and plaintiff were African–American males." Plaintiff does not allege any specific facts in support of this claim. In particular, he does not allege that any similarly situated non-African Americans were treated differently by Defendants.

In an effort to rescue his complaint, Plaintiff argues that a reasonable inference should be drawn from the allegations in his complaint that, if a young white male had been indicted and incarcerated under similar circumstances, Defendants would have made additional efforts to verify his identity. Moreover, Plaintiff alleges that, even if the Court considers his pleadings to be technically insufficient, he should be given the opportunity to amend his complaint to state this contention explicitly.

However, even if the Court were to allow such an amendment, Plaintiff's complaint would not state a cause of action under § 1981. Plaintiff must allege that similarly situated individuals have been treated differently, not that they would be treated differently. Plaintiff's complaint, even with the amended language, is devoid of any factual support for the allegation that Defendants' actions were motivated by Plaintiff's race. Therefore, the Court grants Defendants' motion to dismiss Plaintiff's fourth claim.[6]

---

decision of the Court of Claims be overturned on appeal.

5. Because Plaintiff cannot establish that his constitutional rights were violated, he cannot state a claim for conspiracy under § 1983. *See Malsh v. Austin*, 901 F.Supp. 757, 763 (S.D.N.Y.1995) (citing *Roesch v. Otarola*, 980 F.2d 850, 854 (2d Cir.1992)). Therefore, the Court grants Defendants' motion to dismiss Plaintiff's § 1983 conspiracy claim against defendants Hines, Vardine, and Mercado.

In addition, a claim of supervisory liability cannot lie without a finding of a constitution-

al violation by the persons supervised. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 132 (2d Cir.1997) As a result, the Court also grants Defendants' motion to dismiss as to Plaintiff's claim of supervisory liability against defendant Hines.

6. Likewise, Plaintiff fails to state a cause of action for conspiracy under 42 U.S.C. § 1985. The "requirement that the alleged discrimination took place because of the individual's race" is also an "essential element" of a

### III. CONCLUSION

For the reasons stated above, it is hereby:

ORDERED that Defendants' motion to dismiss is GRANTED;

ORDERED that the Plaintiff's claims against defendants Hines, Vardine, and Mercado be DISMISSED in their entirety; and it is

FURTHER ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

§ 1985 conspiracy claim. *Mian,* 7 F.3d at 1088. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's § 1985 conspiracy claim against defendants Hines, Vardine, and Mercado.