Gina WILLIAMS, Plaintiff–Appellant,

v.

NEW YORK CITY HOUSING AU-
THORITY, Local 237, International
Brotherhood of Teamsters, Defen-
dants–Appellees.

No. 06–0863–cv.

United States Court of Appeals,
Second Circuit.

Dec. 21, 2006.

Gina Williams, pro se, Springfield Gar-
dens, New York, for Appellant.

Ricardo Elias Morales, General Counsel,
New York City Housing Authority, for
Appellee New York City Housing Authori-
ty.

Jordan Rossen, Meyer, Suozzi, English
& Klein, P.C., New York, New York, for
Appellee Local 237, International Brother-
hood of Teamsters.

PRESENT: Hon. SONIA
SOTOMAYOR, Hon. ROBERT A.
KATZMANN, Hon. BARRINGTON D.
PARKER, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Gina Williams appeals
an order of the district court (Chin, J.)
granting the motions of defendants-appel-
lees New York City Housing Authority
and Teamsters Local 237 to dismiss
Williams's employment discrimination
complaint pursuant to Federal Rules of
Civil Procedure 12(b)(6) and 12(c). We
assume the parties' familiarity with the

facts of this case, its procedural history and the issues on appeal.

We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim pursuant to Rule 12(b)(6) or 12(c), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *See King v. Am. Airlines, Inc.,* 284 F.3d 352, 356 (2d Cir.2002).

■ We agree with the district court that Williams failed to state a claim upon which relief could be granted based on events occurring after she filed an earlier employment discrimination action against the appellees in October 2003. *See Williams v. NYC Housing Auth., et al.,* S.D.N.Y. Dkt. Sht. No. 03–cv–7764 (*"Williams I"*). In the case presently before us, Williams' complaint alleges gender discrimination, a legal theory not actionable under 42 U.S.C. § 1981. *See Anderson v. Conboy,* 156 F.3d 167, 170 (2d Cir.1998) (citing *Runyon v. McCrary,* 427 U.S. 160, 167, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976)). Moreover, Williams fails to allege sufficient facts occurring after the filing of *Williams I* to establish claims against the appellees cognizable under 42 U.S.C. § 1983 and the New York City Administrative Code. Having considered each of Williams's arguments relating to these post-*Williams I* claims, we find them unavailing and affirm the dismissal of these claims for substantially the reasons stated by the district court.

■ However, to the extent that the district court dismissed Williams remaining claims because of the *res judicata* effect of the April 2004 district court order dismissing *Williams I,* we vacate and remand for further consideration. In July 2006, we vacated in part the judgment in

*Williams I,* and remanded for further proceedings. *See Williams v. N.Y. City Hous. Auth.,* 458 F.3d 67, 68 (2d Cir.2006). Thus, the doctrine of *res judicata* is no longer applicable to this action as there is no "final judgment on the merits" in *Williams I.* Remand is appropriate so that the district court can consider these claims without the effect of *res judicata. See Petrella v. Siegel,* 843 F.2d 87, 90 (2d Cir.1988) (noting that the district court "may retain jurisdiction" following reversal of a decision relied upon for *res judicata* effect).

For the foregoing reasons, the judgment of the district court is affirmed in part, vacated in part and remanded in part for proceedings consistent with this order.