TRANSAERO, INC., Plaintiff–Appellee,

v.

LA FUERZA AEREA BOLIVIANA, an Instrumentality of the Republic of Bolivia, a Foreign State, Defendant–Appellant.

No. 1501, Docket 95–7855.

United States Court of Appeals, Second Circuit.

Argued April 26, 1996.

Decided Nov. 6, 1996.

James W. Shannon, Jr., Washington, DC (Gregory B. Craig, Williams & Connolly, Washington, DC, of counsel), for Defendant–Appellant.

Andrew M. Danas, Washington, DC (Ronald N. Cobert, Grove, Jaskiewicz & Cobert, Washington, DC, of counsel), for Plaintiff–Appellee.

Before: VAN GRAAFEILAND, Circuit Judge,* and CARTER, District Judge.**

VAN GRAAFEILAND, Circuit Judge:

Fuerza Aerea Boliviana ("BAF") appeals from an order of the United States District Court for the Eastern District of New York (Mishler, J.) denying its motion to vacate a default judgment in favor of Transaero, Inc. We dismiss the appeal for lack of appellate jurisdiction without prejudice to BAF's right to appeal from the final judgment when entered.

This action arises out of a credit agreement between BAF and Transaero entered into in May 1981. The agreement established an open account upon which BAF could purchase aviation equipment from Transaero. The agreement also provided that BAF would pay interest at 1.75% per month (21% per annum) on all purchases not paid within 120 days of shipment. Between 1981 and 1982 BAF's purchases resulted in a principal balance of $598,115.76 on the account. Although BAF paid $648,115.76 on the debt during the next four years, Transaero sued on September 8, 1988 to recover $983,696.60 allegedly owed to it for outstanding principal and interest.

BAF failed to answer the complaint or to appear at a scheduled default judgment hearing, and on April 28, 1989 the district court entered a default judgment in the amount requested. In 1991 Transaero registered and sought to enforce the judgment in the United States District Court for the District of Columbia. BAF appeared in that action and sought summary judgment opposing enforcement, arguing that there had been improper service of process in the Eastern District under the Foreign Sovereign Immunities Act of 1976 ("FSIA"), Pub.L. No. 94–583, 90 Stat. 2891 (codified as amended in scattered sections of 28 U.S.C.). The court denied the motion on September 25, 1992. BAF appealed to the United States Court of Appeals for the District of Columbia Circuit.

While the appeal was pending, BAF moved under Rule 60(b) in the Eastern District to vacate the default judgment. Although BAF's principal argument was that the default judgment had been procured by fraud, its motion papers contained the following proposed reservation of issues:

---

* The Honorable J. Daniel Mahoney, who was a member of the panel, died on October 23, 1996, and the appeal is being decided by the remaining two members of the panel, who are in agreement. *See* Local Rule § 0.14(b).

** The Honorable Robert L. Carter, United States District Judge for the Southern District of New York, sitting by designation.

The Air Force [BAF] has appealed Judge Revercomb's opinion [to the D.C. Circuit]. *See* Exh. 19 (notice of appeal). The Air Force acknowledges that until overturned on its pending appeal, Judge Revercomb's opinion bars the Air Force from challenging the propriety of service under the [FSIA]. *See Huron [Holding] Corp. v. Lincoln [Mine Operating] Co.,* 312 U.S. 183, 188–89 [61 S.Ct. 513, 515–16, 85 L.Ed. 725] (1941) (judgment on appeal is still final judgment); *Petrella v. Siegel,* 843 F.2d 87, 90 (2d Cir.1988) (judgment pending appeal entitled to res judicata effect); *United States v. NYSCO [Nysco] Laboratories, Inc.,* 318 F.2d 817 (2d Cir.1963) (same). Although barred by res judicata from contesting it, the Air Force in no way waives these issues. In this, its first responsive pleading, the Air Force preserves its challenges to Transaero's improper service of process and this Court's lack of personal and subject-matter jurisdiction under the [FSIA] and the United States Constitution.

On August 12, 1993, the Eastern District denied BAF's motion to vacate the judgment and BAF then appealed to this Court.

In *Transaero, Inc. v. La Fuerza Area Boliviana,* 24 F.3d 457 (2d Cir.1994) (*"Transaero I"*), we upheld the Eastern District's decision, finding no abuse of discretion in the denial of BAF's claim of fraud on the court. Noting Transaero's failure to address BAF's claims regarding the district court's calculation of interest, we held that there remained two questions regarding "the accuracy of the interest calculation on which the award to Transaero was based." *Id.* at 462–63. Accordingly, we remanded to the district court for consideration of the proper starting date for the running of interest and the correct interest rate to be used. BAF filed a Petition for Rehearing and asked among other things that this Court "hold its remand in abeyance, and thereby stay the mandate until the D.C. Circuit decided the pending appeal." BAF also raised a question regarding the termination of the accrual of interest under the contract.

While BAF's petition was pending, the Court of Appeals for the District of Columbia Circuit handed down a decision reversing Judge Revercomb. *Transaero, Inc. v. La Fuerza Aerea Boliviana,* 30 F.3d 148 (D.C.Cir.1994) (*"Transaero II"*), *cert. denied,* —— U.S. ——, 115 S.Ct. 1101, 130 L.Ed.2d 1068 (1995). The Court of Appeals held that the Eastern District lacked personal jurisdiction over BAF under the FSIA because, although service of the complaint complied with the FSIA's provision for serving an agency or instrumentality of a foreign state (28 U.S.C. § 1608(b)), BAF was an alter ego of a foreign state and service upon it had to comply with the more stringent requirements of 28 U.S.C. § 1608(a). The Court therefore concluded that the entry of default judgment in the Eastern District was "void and unenforceable." *Id.* at 154. Transaero filed a Petition for Rehearing, a Suggestion for Rehearing In Banc, and a Petition for a Writ of Certiorari, all of which were denied.

After *Transaero II,* this Court sua sponte requested the parties to brief the issue of the preclusive effect of the D.C. Circuit's holding. With the parties' added wisdom in hand, we decided that

whatever preclusive effect that decision [*Transaero II*] might have on issues that are open for decision in any court, it is not a circumstance requiring us to grant BAF's petition for rehearing. That petition afforded BAF an opportunity to indicate "the points of law or fact which in the opinion of the petitioner the court has overlooked or misapprehended." Fed. R.App. P. 40(a). . . . [W]e have now pending no open issue on which the preclusive effect of the D.C. Circuit's decision, if any, may operate.

*Transaero, Inc. v. La Fuerza Aerea Boliviana,* 38 F.3d 648, 650 (2d Cir.1994) (*"Transaero III"*). We stated, however, that we were ruling "without expressing any views as to . . . the validity of Transaero's service upon BAF in initiating the Eastern District suit . . . [or] whether BAF is entitled to pursue a new Rule 60(b) motion in the Eastern District, now that the D.C. Circuit has declared the default judgment to be void." *Id.* All we did was broaden the remand to allow the

district court to consider the proper ending date for the assessment of interest.

Following the case's return to the district court, BAF brought the Rule 60(b)(4) motion which led to this appeal, asserting that the default judgment was void for lack of proper service and that the ruling of the Court of Appeals for the District of Columbia Circuit was res judicata. The district court denied the motion and ordered that expedited discovery begin in preparation for a hearing to determine the interest rate and interest period to be used in calculating the award. BAF appealed and we granted a stay of the proceedings in the district court.

■■■ "Determinations of liability that leave unresolved questions of remedy ordinarily are not final. . . . The need to resolve a disputed and not routine question of interest ... defeats finality." 15B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3915.2 at 271–74. Although a final decision may be entered if only "ministerial proceedings" remain, *id.* at 271, this is a narrow exception reserved for the case where an award can be executed after a simple arithmetic calculation or where there remains only some other mechanical task to be performed. In the instant case, however, the appropriate interest rate and the interest period remain as disputed issues. The district court still must determine the proper period during which to assess interest and has ordered discovery in order to obtain Transaero's records of BAF's account for this purpose. Moreover, it is an open question whether Transaero is entitled to compound interest under the contract and applicable law. Because the district court has yet to rule on these issues, there has been no final judgment.

■■■ By its own terms, Rule 60(b) applies only to judgments that are final. Although a district court is vested with the power to revisit its decisions before the entry of final judgment and is free from the constraints of Rule 60 in so doing, *see Cohn v. United States*, 259 F.2d 371, 376 (6th Cir. 1958), the denial of a motion to effect such a reconsideration is immediately appealable only if the determination at issue falls within one of the narrow exceptions to the final judgment rule. The collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), is one of those exceptions, and BAF contends that it supports our appellate jurisdiction in the instant case. In *Cohen*, the Supreme Court stated that although most trial court decisions can be reviewed effectively on appeal from the final judgment, certain rights may be irreparably lost if immediate appeal is not permitted. *Id.* at 546, 69 S.Ct. at 1225–26. One such right is the right of immunity, i.e., the right not to be sued at all. *See Imbler v. Pachtman*, 424 U.S. 409, 417–20, 96 S.Ct. 984, 988–90, 47 L.Ed.2d 128 (1976). BAF attempts to bring the instant case within the ambit of this immunity defense by arguing that "federal courts have appellate jurisdiction to hear an interlocutory appeal involving a foreign sovereign's amenability to suit—including questions of personal jurisdiction. . . ." Appellant's Reply Brief at 3–4. This attempt must fail. "[T]o fall within the *Cohen* exception, an order must satisfy at least three conditions: It must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 498, 109 S.Ct. 1976, 1978, 104 L.Ed.2d 548 (1989) (internal quotation marks omitted). Because BAF's right not to be subject to a binding judgment may be effectively vindicated following final judgment, the denial of the claim of lack of jurisdiction is not an immediately appealable collateral order. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 526–27, 108 S.Ct. 1945, 1951–52, 100 L.Ed.2d 517 (1988).

■■■ It is unfortunate that dismissal of the appeal will cause additional delay and expense which eventually may prove to have been unnecessary. However, "the possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress." *Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 436, 105 S.Ct. 2757, 2764, 86 L.Ed.2d 340 (1985).

The appeal is dismissed without prejudice to BAF's right to appeal from the final judgment when entered.