Ralph E. GENEROUS, Plaintiff–
Appellee–Cross–Appellant,

v.

REINAUER TRANSPORTATION
COMPANIES, INC., Defendant–
Appellant–Cross–Appellee.

Nos. 99–7486, 99–7564.

United States Court of Appeals,
Second Circuit.

March 5, 2001.

Michael C. Mulé, Kenny & Stearns, New York, NY, for appellant.

Harvey Goldstein, Esq., Max Cohen, Esq., on the brief, New York, NY, for appellee.

Present LEVAL, CALABRESI, KATZMANN, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is VACATED and REMANDED.

Defendant appeals from a judgment awarding plaintiff damages in a maritime personal injury case consisting of (1) future earnings "discounted [to present value] at the rate of two percent"; (2) past lost earnings; (3) pain and suffering; (4) future medical expenses; and (5) prejudgment interest "on the amount of the jury award from the date of loss to the date of entry of Judgment." (JA 59, 101.) Plaintiff cross appeals, contending that the discounting of future lost earnings should be calculated after subtracting out the plaintiff's attorney's contingent fee.

A judgment leaving open the determination of the amount to be paid is not a final judgment, see Cinerama, Inc. v. Sweet Music, S.A., 482 F.2d 66 (2d Cir. 1973) (Friendly, J.), except in cases requiring no more than a "simple arithmetic calculation" or "some other mechanical task," Transaero, Inc. v. La Fuerza Aerea Boliviana, 99 F.3d 538, 541 (2d Cir.1996). The judgment in this case is not susceptible to a determination of the amount to be paid. The judgment directing that future lost earnings be "discounted at the rate of two percent" cannot be reduced to a figure

because the judgment fails to specify the number of years over which the money would have been earned. To discount to present value one needs to know (1) the sum to be discounted, (2) the future date(s) upon which that sum is to be realized, and (3) the discount rate. The judgment here failed to specify the future date or dates when plaintiff would have realized the future earnings for which the damage award compensates him. It is accordingly impossible to calculate the amount of the discount or the resulting discounted balance. Accordingly, we lack jurisdiction over this appeal, and we remand the matter for entry of a final judgment that renders a determinable figure.