Gloria GORDON, Plaintiff,

v.

The CITY OF NEW YORK and Supervisors Jeannine Jackson, John Bruen, Victor Torres, and McDuffie, in their individual and official capacities, Defendants.

No. 02 Civ. 5690(VM).

United States District Court,
S.D. New York.

May 19, 2005.

Gloria Gordon, New York City, Pro Se.

Paul N. Cisternino, Cisternino & Weinstein, L.L.P., White Plains, NY, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

By Order dated March 21, 2003 (the "March 21st Order"), the Court conditionally discontinued the above-captioned case without prejudice based on the parties' representation that they had reached a settlement agreement. The March 21st Order became a final order of discontinuance with prejudice on June 20, 2003.[1] On December 22, 2004, the plaintiff, Gloria Gordon ("Gordon"), filed a motion, pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), for relief from the final order of discontinuance. For the reasons stated below, the Court denies Gordon's motion.

Rule 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other

---

1. The March 21st Order provided that it would "be deemed a final discontinuance of the action with prejudice in the event plaintiff has not requested restoration of the case to the active calendar within [sixty days]." By letter endorsement dated May 20, 2003, the Court granted a request by the plaintiff to extend the deadline for requesting restoration of the case to the active calendar to June 20, 2003. The plaintiff did not request that the case be restored to the active calendar prior to the extended deadline. As a result, the March 21st Order became a final order of discontinuance with prejudice on June 20, 2003.

reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b).

Motions pursuant to Rule 60(b) for relief from a judgment are "generally not favored." *American Tissue, Inc. v. Arthur Andersen L.L.P.*, No. 02 Civ. 7751, 2005 WL 712201, at *2 (S.D.N.Y. Mar. 28, 2005) (quoting *United States v. International Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir.2001) (internal quotation marks omitted)). "The Second Circuit has instructed that Rule 60(b) provides 'extraordinary judicial relief' that can be granted 'only upon a showing of exceptional circumstances.'" *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 Civ. 1382, 2004 WL 1375558, at *2 (S.D.N.Y. June 17, 2004) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986); citing *Employers Mut. Cas. Co. v. Key Pharm.*, 75 F.3d 815, 824–25 (2d Cir.1996)). "In evaluating a Rule 60(b) motion, the courts of this circuit also require that the evidence in support of the motion be highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result." *Id.* (citing *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987); *Williams v. New York City Dep't of Corrections*, 219 F.R.D. 78, 84 (S.D.N.Y.2003)).

Gordon alleges that her delay in contacting the Court after her case was conditionally discontinued was due to the absence of her case file from "the file room"[2] for "some time," her lawyer's delay in providing her with the case file, and unspecified "health issues." (Affidavit of Gloria Gordon dated Dec. 20, 2004 ("Gordon Aff.").) Gordon does not specify which subsection of Rule 60(b) she believes these factors to satisfy. The only subsections that her claims could arguably fall under are subsections one and six. Motions under Rule 60(b)(1) must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b)(1). Gordon, however, did

not file her motion until approximately twenty-one months after the March 21st Order was entered and eighteen months after it became final. Because the one-year deadline for motions pursuant to Rule 60(b)(1) is "absolute," *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir.2000) (citing 12 James Wm. Moore, *Moore's Federal Practice* § 60.65[2][a], at 60–200 (3d ed.1997)), the Court does not have discretion to grant Gordon's motion insofar as it is construed as a motion pursuant to Rule 60(b)(1).

Gordon's motion would also fail if the Court construed it to be based on Rule 60(b)(6). That subsection allows courts to set aside a judgment for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). First, that provision "only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5). In particular, Rule 60(b)(6) may not be used to circumvent the 1–year limitations period that governs Rule 60(b)(1)." *Warren*, 219 F.3d at 114. Therefore, to the extent that Gordon's motion is properly construed as·a motion pursuant to Rule 60(b)(1), Rule 60(b)(6) does not furnish an alternative basis for relief.

Even if Gordon's motion does not fall under Rule 60(b)(1), and hence may be considered under Rule 60(b)(6), the motion would fail. The circumstances that, according to Gordon, delayed the filing of her motion are not "exceptional," *Night Hawk Ltd.*, 2004 WL 1375558, at *2 (internal quotation marks and citations omitted), as the Second Circuit requires for a successful Rule 60(b) motion. Moreover, Gordon has not provided any evidence verifying the existence of those circumstances other than her own affidavit. Gordon's affidavit lacks significant probative value as the allegations it contains are extremely vague. Gordon does not, for instance, specify the period of time during which she was allegedly unable to obtain her case file either from the Court or from her attorney. Nor does she specify the nature or duration of her alleged "health issues," (Gordon Aff.), or how they impaired her ability to

---

**2.** The Court assumes that Gordon intends "the file room" to refer to the Court's record room.

prosecute this case. These uncorroborated assertions do not constitute "highly convincing," *Night Hawk Ltd.*, 2004 WL 1375558, at *2, evidence, which is required for the Court to sustain a Rule 60(b) motion.

Accordingly, it is hereby

**ORDERED** that plaintiff Gloria Gordon's motion pursuant to Federal Rule of Civil Procedure 60(b) is denied.

**SO ORDERED.**