HSBC BANK USA, f/k/a Republic National Bank,

v.

John Leslie HALES, Defendant.

No. 97 Civ. 9289(VM).

United States District Court, S.D. New York.

May 26, 2006.

Andrew S. O'Connor Law Office, Larchmont, NY, for Republic National Bank of New York.

Daniel Phillip Levitt, New York City, Tab K. Rosenfeld, Rosenfeld, Jacob & King, LLP, New York City, for John Leslie Hales.

## DECISION AND ORDER

MARRERO, District Judge.

Defendant in this action, John Leslie Hales ("Hales"), brought a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) seeking relief from a judgment entered against him in the underlying case on April 13, 2000 ("the Judgment"). The Court held a proceeding on May 5, 2006 to hear argument on the motion, after which the Court allowed Hales time to file reply papers. The Court has considered the parties' submissions and arguments and has concluded that Hales's motion should be denied.

■ Hales's motion seeks relief from the Judgment six years after it was entered. Rule 60(b)(6) provides that a motion for relief from a judgment "shall be made within a reasonable time." In this Court's view, a delay of six years to reopen a judgment is not reasonable, especially taking into account that according to his own version of the events, Hales learned of the alleged conflict of interest of Judge Sweet, the judge previously assigned to this case—the ground upon which Hales now seeks to undo the Judgment—in mid-December 1999. It was then that Judge Sweet first informed the parties that he might need to recuse himself by reason of some stock ownership in Republic National Bank, which was in negotiation to merge with HSBC Bank, plaintiff in the underlying action. *See Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir.1995) (delay of eighteen months found unreasonable); *Gordon v. City of New York*, 228 F.R.D. 515, 516 (S.D.N.Y.2005) (delay of eighteen months found unreasonable).

■ Hales asserts that the delay resulted, in part, from his ignorance of the relevant law related to recusal. However, Hales was represented by counsel at the time the Judgment was entered and during the appeal of the Judgment. He acknowledges that his counsel was fully aware of Judge Sweet's alleged conflict of interest. A party is "deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *See Link v. Wabash R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Therefore, Hales's attorney's knowledge of the facts and relevant law are imputed to Hales.

■ Moreover, a party may not obtain relief from a judgment based upon the action or inaction of the party's attorney, except under circumstances where the lawyer's conduct is "so egregious and profound that [it] amount[s] to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance." *Harris v. United States*, 367 F.3d 74, 81 (2d Cir.2004). No such circumstances exist here.

Furthermore, Hales concedes that one of his former counsel, Charles R. McCarthy, Jr. ("McCarthy"), was informed as of March 31, 2005, over one year ago, that Judge Sweet had disposed of his interest in HSBC Bank by October 29, 1999, several months prior to the issuance of the Judgment, which was entered by Judge Martin upon Judge Sweet's recusal, even if grounded on and adopting the analysis of a decision filed by Judge Sweet on December 15, 1999 (the "Summary Judgment Decision"). Accordingly, Hales was aware prior to bringing this motion that in fact Judge Sweet may not have had any obligation to recuse himself.

**208**

Hales argues that even though Judge Sweet disposed of his interest in HSBC Bank prior to the filing of the Summary Judgment Decision on December 15, 1999, relief from the Judgment is warranted because the Summary Judgment Decision was briefed and argued prior to Judge Sweet's divestiture. However, the Second Circuit has stated that where a judge has not rendered a decision, no violation of the statutory recusal provision, 28 U.S.C. § 455, is possible. *See Chase Manhattan Bank v. Affiliated FM Insurance Co.*, 343 F.3d 120, 129 (2d Cir.2003). ("No appearance of impartiality can attend a situation in which the judge has decided nothing.")

■ Finally, the Judgment was appealed and affirmed by the Second Circuit after *de novo* review. Accordingly, if Judge Sweet had been under an obligation to recuse himself but failed to do so, the error was rendered harmless. *See Faulkner v. National Geographic Enters., Inc.*, 409 F.3d 26, 42 n. 10 (2d Cir.2005) (holding that district court's denial of a recusal motion was "at most harmless error" where the court affirmed an order granting summary judgment against appellant after *de novo* review) (*citing Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F.2d 482, 490 (1st Cir.1989); *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1526–27 (11th Cir.1988)).

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant John Leslie Hales (Docket No. 35) pursuant to Federal Rule of Civil Procedure 60(b)(6) for relief from the judgment entered in this action on April 13, 2000 is DENIED.

**SO ORDERED.**