**CRYSTAL WATERS SHIPPING LTD., Plaintiff,**

v.

**SINOTRANS LIMITED PROJECT TRANSPORTATION BRANCH, Defendant.**

**No. 08 Civ. 10591 (WHP).**

United States District Court, S.D. New York.

May 5, 2009.

Kirk M. Lyons, Esq., Michael A. Manikas, Esq., Lyons & Flood, LLP, New York, NY, for Plaintiff.

## MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

Plaintiff Crystal Waters Shipping Ltd. ("Crystal Waters") moves to reopen this case pursuant to Fed.R.Civ.P. 60(b). The motion involves a charter party for the M/V "Ocean Luck" and offers a cautionary tale about maritime attachments. In the end, the M/V "Ocean Luck" has spawned more litigation than luck for the charter parties.

## BACKGROUND

On November 18, 2008, Crystal Waters filed an action seeking an *ex parte* maritime attachment order pursuant to Fed. R.Civ.P. Supplemental Rule B against Defendant Sinotrans Limited Project Transportation Branch ("Sinotrans"). (Affirmation of Kirk M. Lyons dated Mar. 24, 2009 ("Lyons Aff.") ¶ 2.) Crystal Waters voluntarily dismissed that action one week later after reaching a settlement with Sinotrans. (Lyons Aff. ¶ 3.) While the charter party continued, the settlement fell apart the following week.

On December 5, 2008, Crystal Waters filed another action in this district, designating the case as similar to the action it dismissed the prior week. (Lyons Aff. ¶ 4.) On December 10, 2008, Judge Scheindlin issued an order of attachment in that second action. However, she declined to accept the action as related to her earlier case, and on December 18, 2008, the action was randomly assigned to this Court. Soon after, the parties settled their differences and on December 29,

**40**

2008, Crystal Waters filed a notice of voluntary dismissal without prejudice pursuant to Fed.R.Civ.P. 41(a)(1). (Lyons Aff. ¶ 8.) But that is not the end of the story.

Sinotrans, apparently wary of maritime attachments in this district, made plans to avoid any further interruptions of its banking transactions. So, on December 31, 2008, in a prescient move, Sinotrans registered with the New York Department of State, Division of Corporations to do business in New York and designated an agent for service of process in this district. (Lyons Aff. ¶ 9.) That maneuver turned out to be fortuitous.

The Ocean Luck charter party continued until January 16, 2009. (Lyons Aff. ¶ 10–11.) Not surprisingly, when Sinotrans re-delivered the vessel, Crystal Waters claimed it was owed additional unpaid charges arising after the dismissal of this action on December 29th. (Lyons Aff. ¶¶ 11–12.) Now, Crystal Waters seeks to re-open this case, amend its complaint to add new claims based on the new unpaid charges, and obtain a maritime attachment for security.

Crystal Waters resorts to a motion in this case rather than a third lawsuit because of the intervening opinion in *STX Panocean (UK) Co. v. Glory Wealth Shipping Pte Ltd.*, 560 F.3d 127 (2d Cir.2009). To circumvent the reach of *STX Panocean*, which bars a maritime attachment against any defendant registered to do business in New York, Crystal Waters seeks to rekindle this action. The revival of this case would allow Crystal Waters to turn back the hands of time and obtain another maritime attachment because Sinotrans was not registered at the time this action commenced. For the reasons that follow, this Court declines to exercise its discretion to reopen a closed case and Crystal Waters's motion is denied.

## DISCUSSION

Rule B permits maritime attachment orders where a defendant is "not found within the district." Determining whether a defendant is "found within the district," requires "a two-pronged inquiry: first, whether [the defendant] can be found within the district in terms of jurisdiction, and second, if so, whether it can be found for service of process." *Seawind Compania, S.A. v. Crescent Line, Inc.*, 320 F.2d 580, 582 (2d Cir.1963) (citations and quotation marks omitted). In *STX Panocean*, the Court of Appeals held that registration with the New York Department of State is sufficient to meet both prongs of the *Seawind* test. Thus, Sinotrans's registration with the New York Department of State bars Crystal Waters from obtaining a maritime attachment against Sinotrans in any new case filed in this district.

Rule 60(b) provides *inter alia:*
> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); ... or (6) any other reason justifying relief.

Fed.R.Civ.P. 60(b).[1]

"Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances." *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir.2009) (citation and quotation marks omitted). "In

---

1. A voluntary dismissal under Fed.R.Civ.P. 41(a)(1)(i) is treated as a final judgment or order under Rule 60(b). *See Steiner v. Ato-* *chem S.A.*, No. 89 Civ. 7990(JFK), 2002 WL 1870322 (S.D.N.Y. Aug. 13, 2002).

evaluating a Rule 60(b) motion, the courts of this circuit also require that the evidence in support of the motion be highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties as a result." *Gordon v. City of N.Y.*, 228 F.R.D. 515, 516 (S.D.N.Y.2005).

## I. *Rule 60(b)(2)*

██ Under Rule 60(b)(2), the movant must demonstrate that the newly discovered evidence existed at the time of dismissal, trial or other dispositive proceeding. *See United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir.2001); *see also Weissmann v. Freeman*, 120 F.R.D. 474, 476 (S.D.N.Y.1988). Here, Crystal Waters concedes that the newly discovered evidence—the violations of the charter party after the settlement—did not exist at the time this action was dismissed. Thus, relief under Rule 60(b)(2) is out of reach. *See Walker v. Dep't of Veterans Affairs*, No. 94 Civ. 5591(MBM), 1995 WL 625689, at *2 (S.D.N.Y. Oct. 25, 1995) ("[P]laintiff's dismissed and closed case is not an empty vessel to be filled with any new lawsuit plaintiff can generate.").

## II. *Rule 60(b)(6)*

██ "Rule 60(b)(6) 'confers broad discretion on the trial court to grant relief when appropriate to accomplish justice [and] constitutes a grand reservoir of equitable power to do justice in a particular case.'" *Empresa Cubana del Tabaco v. Culbro Corp.*, 587 F.Supp.2d 622, 627 (S.D.N.Y.2008) (quoting *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir.2004)). A court's authority to issue relief under Rule 60(b)(6) "should be liberally construed when substantial justice will thus be served." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir.1986). An intervening change in the law can constitute extraordi-

nary circumstances under Rule 60(b)(6). *Empresa Cubana*, 587 F.Supp.2d at 627. Courts consider several factors when deciding whether an intervening change in the law justifies relief, including: (1) "whether the new law is beyond any question inconsistent with the earlier decision" and (2) "whether the equities strongly favor the moving party." *Empresa Cubana*, 587 F.Supp.2d at 627 (citations and quotation marks omitted).

██ While *STX Panocean* affected both the jurisdictional and service of process prongs of the *Seawind* test, the change in the law is not as dramatic as Crystal Waters contends. Prior to *STX Panocean*, a split existed in this district over whether registration with the New York Department of State could meet the jurisdictional prong of the *Seawind* test. However, the vast majority of judges held that it did. *See STX Panocean*, 560 F.3d at 129 (collecting cases); *see also Marimed Shipping Inc. v. Persian Gulf Shipping Co.*, 567 F.Supp.2d 524, 527–29 (S.D.N.Y.2008) (discussing split). As for the service of process prong, the change *STX Panocean* made in the law—allowing registration with New York Department of State alone to meet this prong—is of no moment in this case. Sinotrans designated a registered agent within this District when it registered with the New York Department of State, which has long been sufficient to meet the service of process prong. *See Seawind*, 320 F.2d at 582.

██ Finally, the equities weigh against reopening this case. Maritime attachment exists to assure satisfaction of a judgment if the plaintiff is successful on the underlying claim and to insure a defendant's appearance in that action. *See Winter Storm Shipping Ltd. v. TPI*, 310 F.3d 263, 268 (2d Cir.2002). However, "when th[e] debtor is registered to do business in New York, there are generally any number of

means to prosecute a civil claim and, upon receiving judgment, collect on that claim." *STX Panocean*, 560 F.3d at 133. Now that Sinotrans has registered to do business in New York, there is no justification for an *ex parte* order to seize Sinotrans's property—let alone justification to resurrect a dismissed action with new claims. While this charter party has been more trouble than Crystal Waters bargained for, Crystal Waters falls short in demonstrating that it should be permitted to breathe life into an otherwise closed case and obtain the extraordinary relief of a maritime attachment.

## CONCLUSION

For the foregoing reasons, Plaintiff Crystal Waters Shipping's motion pursuant to Fed.R.Civ.P. 60(b) to reopen this action is denied.

SO ORDERED.