11-5295-cv
Grasson v. Bd. of Educ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of November, two thousand twelve.

PRESENT: JON O. NEWMAN,
　　　　　　BARRINGTON D. PARKER,
　　　　　　REENA RAGGI,
　　　　　　　　*Circuit Judges*.

-----------------------------------------------------------------------
ROBERT GRASSON,
　　　　　　　　*Plaintiff-Appellee*,

　　　　v.　　　　　　　　　　　　　　　　No. 11-5295-cv

BOARD OF EDUCATION, TOWN OF ORANGE, TIM JAMES, KIMBERLY ALTSCHULER, JEANNE CONSIGLIO, JOSEPH MARULLI, DAVID PITE, KRISTEN C. POWELL, ERNIE ROBEAR, RON RUOTOLO, LARRY SCHWARTZ, TONY VITTI, PATRICIA P. ZIMAN, ALFRED PULLO,
　　　　　　　　*Defendants-Appellants*.
-----------------------------------------------------------------------

FOR APPELLANTS:　　　　　　Alexandria L. Voccio, Howd & Ludorf, LLC, Hartford, Connecticut.

FOR APPELLEES:　　　　　　　Naved Amed, Esq., New York, New York.

Appeal from an order of the United States District Court for the District of Connecticut (Peter C. Dorsey, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal from the order entered on November 21, 2011, is DISMISSED for lack of jurisdiction.

Defendants Board of Education of the Town of Orange and various individually named board members appeal from the grant of plaintiff Robert Grasson's motion pursuant to Fed. R. Civ. 60(b) to vacate the award of summary judgment against him on claims arising from his termination as a public school bus driver, due to his failure to file an opposition. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to dismiss the appeal.

The parties do not dispute that the order reinstating the case is of a type normally barred from immediate appellate review. See 28 U.S.C. § 1291 (affording appellate jurisdiction over "final decisions of the district courts of the United States"); Transaero, Inc. v. La Fuerza Aerea Boliviana, 99 F.3d 538, 541 (2d Cir. 1996) (dismissing interlocutory appeal of denial of Rule 60(b)(4) motion); see also Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 430 (1985) (observing that "[i]mmediate review of every trial court ruling . . . would impose unreasonable disruption, delay, and expense" and "would also undermine the ability of district judges to supervise litigation"). For purposes of 28 U.S.C. § 1291, "final decisions" are those that end litigation on the merits. See, e.g., Gulfstream

Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275 (1988). Because "[t]he order at issue in this case has no such effect" and, indeed, "ensures that litigation will continue in the District Court," it is not "final" and thus not appealable under § 1291. Id.

Defendants do not contend that a statutory exception to the "final decision" rule applies. See 28 U.S.C. § 1292(a)–(b); see also Fed. R. Civ. P. 54(b). Rather, they submit that interlocutory appeal is authorized by Rinieri v. News Syndicate Co., 385 F.2d 818 (2d Cir. 1967), where we observed that "the law is settled that if the District Court assumes jurisdiction and power to act under [Fed. R. Civ. P. 60(b)] where neither exists, an appeal will lie from its order vacating the original order." Id. at 821; see also Thorp v. Scarne, 599 F.2d 1169, 1172 n.2 (2d Cir. 1979) (noting "line of cases upholding the appealability of district court orders granting relief from a final judgment, purportedly under Fed. R. Civ. P. 60(b), where the district court has improperly assumed jurisdiction and power to act"). Rinieri, however, is a circumscribed holding not applicable in these circumstances.[1]

The Rinieri plaintiff sought to have his libel action "reinstated almost two and a half years after it was ordered dismissed for lack of prosecution." 385 F.2d at 819. On appeal from the grant of reinstatement, we noted that (1) the motion could not have been granted pursuant to Rule 60(b)(1) because it was brought "more than a year after the entry of the judgment or order," Fed. R. Civ. P. 60(c)(1); and (2) the grounds for relief did not bring the motion "within the extremely meagre scope . . . of Rule 60(b)(6)," Rinieri v. News Syndicate

---

[1] See generally Stradley v. Cortez, 518 F.2d 488, 491–92 (3d Cir. 1975).

Co., 385 F.2d at 822 (internal quotation marks omitted). Thus, because the district court had "acted without any basis in law, disregarding the limitations" in Rule 60(b) entirely, we concluded that it "lacked jurisdiction to act and th[e] order [wa]s appealable." Id. (holding question of jurisdiction "necessarily included" in merits of appeal).

Here, there is no question that "the trial court had the power under Rule 60(b)[] to grant the relief requested" by plaintiff. Cavalliotis v. Salomon, 357 F.2d 157, 159 (2d Cir. 1966) (emphasis added) (dismissing interlocutory appeal from grant of motion that facially qualified for relief under Rule 60(b)(6)). Plaintiff moved to vacate the award of summary judgment within four months of its issuance, bringing the motion within the one-year time limit applicable to Fed. R. Civ. P. 60(b)(1) (allowing relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect").

While defendants contend that the district court "made factual findings that precluded it from granting the motion to vacate," Appellants' Reply Br. 4, these findings, at best, bear upon the propriety of awarding relief, and not the court's authority to do so. Thus, even if the court's characterization of plaintiff's counsel's failure to oppose summary judgment as "inexcusable," "unacceptable," and "indefensible," Ruling on Mot. To Vacate, Grasson v. Bd. of Educ., 09-cv-1584 (D. Conn. Nov. 21, 2011), ECF No. 73, and of counsel's arguments in support of the ensuing motion as "implausible," id., might suggest an abuse of discretion in granting the motion, see generally Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 387 (1993) (discussing concept of "excusable neglect" within context

4

of "party's failure to comply with a court-ordered filing deadline"), such circumstances are not enough under <u>Rinieri</u> to afford us jurisdiction to review the matter at this time. If necessary, defendants' challenge to the Rule 60(b) vacatur, along with their asserted right to a judgment against plaintiff, "may be effectively vindicated following final judgment." <u>Transaero, Inc. v. La Fuerza Aerea Boliviana</u>, 99 F.3d at 541.

Accordingly, the appeal is DISMISSED for lack of jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court