17-2564
*Doe v. East Lyme Bd. Of Educ.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand and nineteen.

Present:
>DENNIS JACOBS,
>ROSEMARY S. POOLER,
>RICHARD C. WESLEY,
>>*Circuit Judges*.

Jane DOE, John Doe, by and through his parent Jane Doe,

>*Plaintiffs-Appellants*,

>v.                                                     17-2564

EAST LYME BOARD OF EDUCATION,

>*Defendant-Appellee*,

Connecticut State Department of Education,

>*Defendant*.

For Plaintiffs-Appellants:     JANE DOE, *pro se*, East Lyme, CT.

For Defendant-Appellee:     Sheldon D. Myers, Kainen, Escalera & McHale PC,
                            Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Arterton, *J.*).

We assume the parties' familiarity with the facts, procedural history, and issues presented for review in this case. We conclude that we lack jurisdiction over this appeal (*i.e.*, we lack the power to decide any of the issues raised by Ms. Doe). As such, we dismiss the appeal, **reserving a decision on the merits of the issues raised by Ms. Doe until after the district court enters a final decision**.[1]

Our appellate jurisdiction is ordinarily limited to review of "final decisions." 28 U.S.C. § 1291. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). A judgment is not final when the amount of damages and other quantifiable relief is still genuinely in dispute. *See Cooper v. Salomon Bros. Inc.*, 1 F.3d 82, 85 (2d Cir. 1993). "[O]nly when nothing save ministerial tasks relating to computation of damages remains can a mere determination of liability be construed as a 'final decision.'"

---

[1] Although neither party questioned this Court's jurisdiction, we must in all cases independently confirm our jurisdiction, as it goes to our very power to decide a dispute. *See Petereit v. S.B. Thomas, Inc.*, 63 F.3d 1169, 1175 (2d Cir. 1995)).

*Arp Films, Inc. v. Marvel Entm't Grp., Inc.*, 905 F.2d 687, 689 (2d Cir. 1990) (per curiam) (quoting *Caradelis v. Refineria Pan., S.A.*, 384 F.2d 589, 591 (5th Cir. 1967)).

The district court has not completed its calculation of damages in this action. The court ordered the defendants "to reimburse [Ms. Doe] in the amount of $36,555.94 plus interest (the amount of which remains to be calculated) and to place $203,478.10 for compensatory education into an escrow account, as soon as practicable, after all calculations have been finalized." Judgment at 1, *Doe v. East Lyme Bd. of Educ.*, 262 F. Supp. 3d 11 (D. Conn. June 29, 2017) (No. 11 Civ. 291 (JBA)), ECF No. 248. In service of this order, the district court directed Ms. Doe to submit documentation of "supplemental reimbursement and transportation expenses incurred between January 12, 2017 and the date of Judgment [July 19, 2017]," and it directed both parties to "submit their proposed interest calculations and methodology." Mem. of Decision at 18 n. 51, *Doe*, 262 F. Supp. 3d 11 (D. Conn. June 29, 2017) (No. 11 Civ. 291 (JBA)), ECF No. 245. The district court docket reflects that none of these calculations were completed before (or after) Ms. Doe and her son filed their notice of appeal. Because calculation of prejudgment interest is a nonministerial task, *see Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996), the district court's July 19 judgment was not a final, appealable order.

We therefore dismiss the appeal for lack of jurisdiction and return the matter to the district court to complete calculations as to prejudgment interest, supplemental reimbursement, and transportation expenses. Once the district court expeditiously

completes the remaining calculations, based on the parties' previous submissions dated July 21, 2017 and August 11, 2017, and enters an amended judgment (clearing the way for Ms. Doe to receive reimbursement from East Lyme), Ms. Doe will be free to file a new timely appeal, with the filing fee waived, raising any or all of the issues raised in her present appeal. The Clerk's office is directed to refer any such appeal to this panel for disposition. Unless either party objects, the briefs and appendices of the present appeal shall serve for the new appeal. Should the Court order additional briefing, the Clerk's office shall set an expedited briefing schedule. No oral argument will be held absent further order of the Court.

For the foregoing reasons, the appeal is hereby DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk